# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES E. SUDBROCK; ELEANORE L. SUDBROCK; and ANDREW SUDBROCK; | |
| *Plaintiffs,* | Civil Action No.: |
| -against- | **COMPLAINT AND JURY DEMAND** |
| JPMORGAN CHASE BANK, N.A.; and JOHN DOES 1-25, | |
| *Defendants* | |

Plaintiffs, JAMES E. SUDBROCK ("James"); ELEANORE L. SUDBROCK ("Eleanore") and ANDREW SUDBROCK ("Andrew") (collectively "Plaintiffs") by their attorneys, allege and complain of Defendants JPMORGAN CHASE BANK, N.A.. ("JP Morgan") and JOHN DOES 1-25 (collectively "Defendants") as follows:

## PRELIMINARY STATEMENT

1.      In July 2025, over the course of five consecutive days, while JAMES (a retired Pastor) was undergoing surgery at a New York City hospital, or recovering from the surgery at home, and his wife, ELEANORE (both senior citizens), was helping nurture him back to health, ninety-one (91)withdrawals of exactly Two Hundred ($200.00) dollars (totaling Eighteen Thousand Two Hundred [$18,200.00] Dollars)[1] were fraudulently withdrawn from their JP MORGAN bank account at five different Bronx County and Westchester County, New York JP MORGAN bank branches.

2.      Despite the fact that JAMES and ELEANORE were clients for close to twenty-

---

[1] A true and correct copy of the Plaintiffs' July 12, 2025-August 12, 2025 JP MORGAN statement is annexed as **Ex. A**

two (22) years, and expeditiously notified JP MORGAN about the fraudulent transfers while

JAMES was recovering at home from the surgery (and ELEANOR was at home caring for him),

JP MORGAN not only blamed Plaintiffs for the incredulous amount of $200.00 withdrawals but

when Plaintiffs dared complain about the fraudulent withdrawals, challenge the fraudulent

withdrawals and/or invoked their statutory (much less moral) right for an investigation, JP

MORGAN kicked them to the proverbial curb and closed their accounts so they could no longer

be JP MORGAN customers.

3.     A snapshot of Plaintiffs' subject JP MORGAN bank statement (**Ex. A**) truly

shocks the conscience:

| 07/21 | ATM Withdrawal | 07/21 3775 Riverdale Ave Bronx NY Card 8355 | -200.00 | |

| DATE | DESCRIPTION | | AMOUNT | BALANCE |
|------|-------------|--|--------|---------|
| 07/21 | ATM Withdrawal | 07/21 3775 Riverdale Ave Bronx NY Card 8355 | -200.00 | |
| 07/21 | ATM Withdrawal | 07/21 3775 Riverdale Ave Bronx NY Card 8355 | -200.00 | |
| 07/21 | ATM Withdrawal | 07/21 3775 Riverdale Ave Bronx NY Card 8355 | -200.00 | |
| 07/21 | ATM Withdrawal | 07/21 3775 Riverdale Ave Bronx NY Card 8355 | -200.00 | |
| 07/21 | ATM Withdrawal | 07/21 3775 Riverdale Ave Bronx NY Card 8355 | -200.00 | |
| 07/21 | ATM Withdrawal | 07/21 3775 Riverdale Ave Bronx NY Card 8355 | -200.00 | |
| 07/21 | ATM Withdrawal | 07/21 3775 Riverdale Ave Bronx NY Card 8355 | -200.00 | |
| 07/21 | ATM Withdrawal | 07/21 3775 Riverdale Ave Bronx NY Card 8355 | -200.00 | |
| 07/21 | ATM Withdrawal | 07/21 3775 Riverdale Ave Bronx NY Card 8355 | -200.00 | |
| 07/21 | ATM Withdrawal | 07/21 3775 Riverdale Ave Bronx NY Card 8355 | -200.00 | |
| 07/21 | ATM Withdrawal | 07/21 3775 Riverdale Ave Bronx NY Card 8355 | -200.00 | |
| 07/21 | ATM Withdrawal | 07/21 3775 Riverdale Ave Bronx NY Card 8355 | -200.00 | |
| 07/21 | ATM Withdrawal | 07/21 5581 Broadway Bronx NY Card 8355 | -200.00 | |
| 07/21 | ATM Withdrawal | 07/21 5581 Broadway Bronx NY Card 8355 | -200.00 | |
| 07/21 | ATM Withdrawal | 07/21 5581 Broadway Bronx NY Card 8355 | -200.00 | |
| 07/21 | ATM Withdrawal | 07/21 5581 Broadway Bronx NY Card 8355 | -200.00 | |
| 07/21 | ATM Withdrawal | 07/21 5581 Broadway Bronx NY Card 8355 | -200.00 | |
| 07/22 | ATM Withdrawal | 07/22 762 Central Park Ave Yonkers NY Card 8355 | -200.00 | |
| 07/22 | ATM Withdrawal | 07/22 762 Central Park Ave Yonkers NY Card 8355 | -200.00 | |
| 07/22 | ATM Withdrawal | 07/22 762 Central Park Ave Yonkers NY Card 8355 | -200.00 | |
| 07/22 | ATM Withdrawal | 07/22 762 Central Park Ave Yonkers NY Card 8355 | -200.00 | |
| 07/22 | ATM Withdrawal | 07/22 762 Central Park Ave Yonkers NY Card 8355 | -200.00 | |
| 07/22 | ATM Withdrawal | 07/22 762 Central Park Ave Yonkers NY Card 8355 | -200.00 | |
| 07/22 | ATM Withdrawal | 07/22 762 Central Park Ave Yonkers NY Card 8355 | -200.00 | |
| 07/22 | ATM Withdrawal | 07/22 762 Central Park Ave Yonkers NY Card 8355 | -200.00 | |
| 07/22 | ATM Withdrawal | 07/22 762 Central Park Ave Yonkers NY Card 8355 | -200.00 | |
| 07/22 | ATM Withdrawal | 07/22 762 Central Park Ave Yonkers NY Card 8355 | -200.00 | |
| 07/22 | ATM Withdrawal | 07/22 762 Central Park Ave Yonkers NY Card 8355 | -200.00 | |
| 07/22 | ATM Withdrawal | 07/22 762 Central Park Ave Yonkers NY Card 8355 | -200.00 | |
| 07/22 | ATM Withdrawal | 07/22 762 Central Park Ave Yonkers NY Card 8355 | -200.00 | |
| 07/22 | ATM Withdrawal | 07/22 762 Central Park Ave Yonkers NY Card 8355 | -200.00 | |

| 07/23 | ATM Withdrawal | 07/23 3775 Riverdale Ave Bronx NY Card 8355 | -200.00 | |
|-------|----------------|---------------------------------------------|---------|--|
| 07/23 | ATM Withdrawal | 07/23 3775 Riverdale Ave Bronx NY Card 8355 | -200.00 | |
| 07/23 | ATM Withdrawal | 07/23 3775 Riverdale Ave Bronx NY Card 8355 | -200.00 | |
| 07/23 | ATM Withdrawal | 07/23 3775 Riverdale Ave Bronx NY Card 8355 | -200.00 | |
| 07/23 | ATM Withdrawal | 07/23 3775 Riverdale Ave Bronx NY Card 8355 | -200.00 | |
| 07/23 | ATM Withdrawal | 07/23 3775 Riverdale Ave Bronx NY Card 8355 | -200.00 | |
| 07/23 | ATM Withdrawal | 07/23 3775 Riverdale Ave Bronx NY Card 8355 | -200.00 | |
| 07/23 | ATM Withdrawal | 07/23 3775 Riverdale Ave Bronx NY Card 8355 | -200.00 | |
| 07/23 | ATM Withdrawal | 07/23 3775 Riverdale Ave Bronx NY Card 8355 | -200.00 | |
| 07/23 | ATM Withdrawal | 07/23 3775 Riverdale Ave Bronx NY Card 8355 | -200.00 | |
| 07/23 | ATM Withdrawal | 07/23 3775 Riverdale Ave Bronx NY Card 8355 | -200.00 | |
| 07/23 | ATM Withdrawal | 07/23 3775 Riverdale Ave Bronx NY Card 8355 | -200.00 | |

Page 2 of 4

14

| DATE | DESCRIPTION | | AMOUNT | BALANCE |
|------|-------------|--|--------|---------|
| 07/23 | ATM Withdrawal | 07/23 3775 Riverdale Ave Bronx NY Card 8355 | -200.00 | |
| 07/23 | ATM Withdrawal | 07/23 3775 Riverdale Ave Bronx NY Card 8355 | -200.00 | |
| 07/23 | ATM Withdrawal | 07/23 5581 Broadway Bronx NY Card 8355 | -200.00 | |
| 07/23 | ATM Withdrawal | 07/23 5581 Broadway Bronx NY Card 8355 | -200.00 | |
| 07/23 | ATM Withdrawal | 07/23 5581 Broadway Bronx NY Card 8355 | -200.00 | |
| 07/23 | ATM Withdrawal | 07/23 5581 Broadway Bronx NY Card 8355 | -200.00 | |
| 07/23 | ATM Withdrawal | 07/23 5581 Broadway Bronx NY Card 8355 | -200.00 | |

| 07/24 | ATM Withdrawal | 07/24 122 N Main St Port Chester NY Card 8355 | -200.00 | |
|------|-------------|--|--------|---------|
| 07/24 | ATM Withdrawal | 07/24 122 N Main St Port Chester NY Card 8355 | -200.00 | |
| 07/24 | ATM Withdrawal | 07/24 122 N Main St Port Chester NY Card 8355 | -200.00 | |
| 07/24 | ATM Withdrawal | 07/24 122 N Main St Port Chester NY Card 8355 | -200.00 | |
| 07/24 | ATM Withdrawal | 07/24 122 N Main St Port Chester NY Card 8355 | -200.00 | |
| 07/24 | ATM Withdrawal | 07/24 122 N Main St Port Chester NY Card 8355 | -200.00 | |
| 07/24 | ATM Withdrawal | 07/24 122 N Main St Port Chester NY Card 8355 | -200.00 | |
| 07/24 | ATM Withdrawal | 07/24 122 N Main St Port Chester NY Card 8355 | -200.00 | |
| 07/24 | ATM Withdrawal | 07/24 122 N Main St Port Chester NY Card 8355 | -200.00 | |
| 07/24 | ATM Withdrawal | 07/24 122 N Main St Port Chester NY Card 8355 | -200.00 | |
| 07/24 | ATM Withdrawal | 07/24 122 N Main St Port Chester NY Card 8355 | -200.00 | |
| 07/24 | ATM Withdrawal | 07/24 122 N Main St Port Chester NY Card 8355 | -200.00 | |
| 07/24 | ATM Withdrawal | 07/24 122 N Main St Port Chester NY Card 8355 | -200.00 | |
| 07/24 | ATM Withdrawal | 07/24 122 N Main St Port Chester NY Card 8355 | -200.00 | |
| 07/24 | ATM Withdrawal | 07/24 122 N Main St Port Chester NY Card 8355 | -200.00 | |
| 07/24 | ATM Withdrawal | 07/24 122 N Main St Port Chester NY Card 8355 | -200.00 | |
| 07/24 | ATM Withdrawal | 07/24 122 N Main St Port Chester NY Card 8355 | -200.00 | |
| 07/24 | ATM Withdrawal | 07/24 122 N Main St Port Chester NY Card 8355 | -200.00 | |

| 07/25 | ATM Withdrawal | 07/25 122 N Main St Port Chester NY Card 8355 | -200.00 | |
|------|-------------|--|--------|---------|
| 07/25 | ATM Withdrawal | 07/25 122 N Main St Port Chester NY Card 8355 | -200.00 | |
| 07/25 | ATM Withdrawal | 07/25 122 N Main St Port Chester NY Card 8355 | -200.00 | |
| 07/25 | ATM Withdrawal | 07/25 122 N Main St Port Chester NY Card 8355 | -200.00 | |
| 07/25 | ATM Withdrawal | 07/25 122 N Main St Port Chester NY Card 8355 | -200.00 | |
| 07/25 | ATM Withdrawal | 07/25 122 N Main St Port Chester NY Card 8355 | -200.00 | |
| 07/25 | ATM Withdrawal | 07/25 122 N Main St Port Chester NY Card 8355 | -200.00 | |
| 07/25 | ATM Withdrawal | 07/25 122 N Main St Port Chester NY Card 8355 | -200.00 | |
| 07/25 | ATM Withdrawal | 07/25 122 N Main St Port Chester NY Card 8355 | -200.00 | |
| 07/25 | ATM Withdrawal | 07/25 122 N Main St Port Chester NY Card 8355 | -200.00 | |
| 07/25 | ATM Withdrawal | 07/25 122 N Main St Port Chester NY Card 8355 | -200.00 | |
| 07/25 | ATM Withdrawal | 07/25 122 N Main St Port Chester NY Card 8355 | -200.00 | |
| 07/25 | ATM Withdrawal | 07/25 122 N Main St Port Chester NY Card 8355 | -200.00 | |
| 07/25 | ATM Withdrawal | 07/25 122 N Main St Port Chester NY Card 8355 | -200.00 | |
| 07/25 | ATM Withdrawal | 07/25 112 Midland Ave Port Chester NY Card 8355 | -200.00 | |
| 07/25 | ATM Withdrawal | 07/25 112 Midland Ave Port Chester NY Card 8355 | -200.00 | |

4.    JAMES is a victim of identity theft.

5.    ELEANORE is also a victim of the same identity theft.

6.    JAMES and ELEANOR's son, ANDREW, who is a merely a co-signer of the account, is also a victim of identity theft.

7.    The perpetrator (or perpetrators) (the "Fraudster"), who is unknown to Plaintiffs, unlawfully transferred funds from Plaintiffs' JP MORGAN bank account.

8.    Plaintiffs promptly and repeatedly disputed the fraudulent transfers with Defendant, JP MORGAN.

9.    Despite their obligation under the Electronic Fund Transfer Act, 15 U.S.C. § 1693 et seq. ("EFTA") to promptly credit Plaintiff's Bank Account, JP MORGAN has refused to credit Plaintiffs for the stolen funds much less recover the stolen and/or misappropriated money.

10.    Accordingly, Plaintiffs bring claims against Defendants for violations of EFTA.


## JURISDICTION AND VENUE

11.    The Court has jurisdiction pursuant to 15 U.S.C. § 1693m and 28 U.S.C. § 1331.

12.    Jurisdiction over Plaintiffs' claim for declaratory relief is conferred by 28 U.S.C. § 2201.

13.    Venue is proper in this District because Plaintiffs reside and/or regularly conduct business in this District, a substantial part of the events and occurrences underlying this litigation occurred within this District, and Defendants regularly conduct business here.


## PARTIES

14.    Plaintiff, JAMES, is a natural person and citizen of New York residing in Bronx County.

15.    Plaintiff, ELEANORE, is a natural person and citizen of New York residing in Bronx County.

16.    Plaintiff, ANDREW, is a natural person and citizen of Tennessee residing in Williamson County.

17.    Plaintiff, ELEANORE, is a "consumer" as defined by the EFTA, 15 U.S.C. § 1693a(6).

18.    Plaintiff, JAMES, is a "consumer" as defined by the EFTA, 15 U.S.C. § 1693a(6).

19.    Plaintiff, ANDREW, is a "consumer" as defined by the EFTA, 15 U.S.C. § 1693a(6).

20.    At all times relevant, Plaintiffs' bank accounts with JP MORGAN were used for personal, family, or household purposes.

21.    Defendant, JP MORGAN, is a foreign corporation with its principal executive office address at 383 Madison Avenue, New York, New York 10179.

22.    Defendant, JP MORGAN, is a national banking association formed under the laws of the United States and was, at all times relevant to this Complaint, a financial institution as defined by the EFTA, 15 U.S.C. § 1693a(9).

23.    John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## <u>FACTS</u>

24.     JAMES (90 years old) and ELEANORE (91 years old) were clients of JP MORGAN for close to 22 years.

25.     On July 21, 2025, JAMES went to an appointment at a New York City hospital to obtain clearance for an upcoming surgery. ELEANORE accompanied JAMES to the hospital as his caregiver.

26.     On July 22, 2025, JAMES had the aforementioned surgery (where ELEANORE was present with him at the hospital), and was discharged the same day.

27.     After JAMES was discharged from the hospital, he recovered at home where ELEANORE took care of him, and neither of them left their home for the rest of the week.

28.     As of July 21, 2025, Plaintiffs had a bank account with JP MORGAN ending in 2215 (the "bank account"). **Ex. A**

29.     As of July 21, 2025 Plaintiffs had a bank account with JP MORGAN ending in 2215 that could be accessed using a debit card ending in 8355 (the "debit card"). **Ex. A**

30.     ELEANORE and JAMES exclusively used the bank account. In other words, no other party or third party used the bank account.

31.     When they wished to withdraw funds from the bank account, ELEANORE and JAMES used their debit card, and never used services such as Zelle, Paypal or Venmo.

32.     Although ANDREW was a joint account holder of the bank account, he neither accessed it through use of a computer, personal electronic device, or debit card. In fact, he was only a joint account holder in case, given his parents' advanced age, he needed to access money for them on their behalf.  Furthermore, although JP MORGAN had sent him a debit card for the bank account, it sat in a drawer, in his home, never used.

14

33.    Other than Plaintiffs, no one else had access to their JP MORGAN debit cards such as friends, other family members, professional colleagues, or home health aides.

34.    On July 21, 2025, and in order to make sure she had some cash on hand while she was caring for JAMES at the hospital, ELEANORE withdrew exactly $200.00 from the JP MORGAN branch at 5581 Broadway, Bronx, New York (the "Broadway Branch") using the debit card. **Ex. A**

35.    Between July 21, 2025 through July 25, 2025, Plaintiffs did not lose their debt cards.

36.    Between July 21, 2025 through July 25, 2025, Plaintiffs did not provide their debit cards to any third party.

37.    On July 21, 2025, using subterfuge and deception, the Fraudster was able to ascertain confidential information (including the debit card number) allowing them to infiltrate Plaintiffs' bank account at 3775 Riverdale Avenue, Bronx, New York (the "Riverdale Branch") wherein the Fraudster initiated fourteen (14) unauthorized and fraudulent ATM withdrawals for exactly $200.00 totaling: **$2,800.00. Ex. A**

38.    On July 21, 2025, using subterfuge and deception, the Fraudster was able to ascertain confidential information (including the debit card number) allowing them to infiltrate Plaintiffs' bank account at the JP MORGAN branch located at the Broadway Branch wherein the Fraudster made five unauthorized and fraudulent ATM withdrawals for exactly $200.00 totaling: **$1,000.00**. **Ex. A**

39.    On July 22, 2025, using subterfuge and deception, the Fraudster was able to ascertain confidential information (including the debit card number) allowing them to infiltrate Plaintiffs' bank account at the JP MORGAN branch located at 762 Central Park Avenue,

Yonkers, New York (the "Central Park Branch") wherein the Fraudster made fifteen (15) unauthorized and fraudulent ATM withdrawals for exactly $200.00 totaling: **$3,000.00**. **Ex. A**

40.    On July 23, 2025, using subterfuge and deception, the Fraudster was able to ascertain confidential information (including the debit card number) allowing them to infiltrate Plaintiffs' bank account at the Riverdale Branch wherein the Fraudster made fifteen (15) unauthorized and fraudulent ATM withdrawals for exactly $200.00 totaling: **$3,000.00**. **Ex. A**

41.    On July 23, 2025, using subterfuge and deception, the Fraudster was able to ascertain confidential information (including the debit card number) allowing them to infiltrate Plaintiffs' bank account at JP MORGAN branch located at the Broadway Branch wherein the Fraudster made five unauthorized and fraudulent ATM withdrawals for exactly $200.00 totaling: **$1,000.00**. **Ex. A**

42.    On July 24, 2025, using subterfuge and deception, the Fraudster was able to ascertain confidential information (including the debit card number) allowing them to infiltrate Plaintiffs' bank account at the JP MORGAN branch located at 122 North Main Street, Port Chester, New York (the "North Main Street Branch") wherein the Fraudster made twenty (20) unauthorized and fraudulent unauthorized and fraudulent ATM withdrawals for exactly $200.00 totaling: **$4,000.00**. **Ex. A**

43.    On July 25, 2025, using subterfuge and deception, the Fraudster was able to ascertain confidential information (including the debit card number) allowing them to infiltrate Plaintiffs' bank account at the North Main Street Branch wherein the Fraudster made fifteen (15) unauthorized and fraudulent ATM withdrawals for exactly $200.00 totaling: **$3,000.00**. **Ex. A**

44.    On July 25, 2025, using subterfuge and deception, the Fraudster was able to ascertain confidential information (including the debit card number) allowing them to infiltrate

14

Plaintiffs' bank account at the JP MORGAN branch located at 112 Midland Avenue, Port Chester, New York (the "112 Midland Avenue Branch") wherein the Fraudster made two unauthorized and fraudulent ATM withdrawals for exactly $200.00 totaling: **$400.00**. **Ex. A**

45.      In sum, between July 21, 2025 through July 25, 2025 using subterfuge and deception, the Fraudster was able to ascertain confidential information (including the debit card number) allowing them to infiltrate Plaintiffs' bank account at the Riverdale Branch, the Broadway Branch, the Central Park Branch, the North Main Street Branch, and the 112 Midland Avenue Branch wherein the Fraudster made ninety-one (91) unauthorized and fraudulent ATM withdrawals of $200.00 totaling **$18,200.00**. **Ex. A**

46.      On or about July 31, 2025, Plaintiffs notified JP MORGAN about the 91 fraudulent and unauthorized $200.00 withdrawals.

47.      More than ten days later, on August 14, 2025, and without crediting Plaintiffs for any of the 91 fraudulent and unauthorized $200.00 withdrawals, JP MORGAN provided a terse response to Plaintiffs' July 31, 2025 inquiry stating the following in relevant part: "We found that the transaction(s) was processed according to the information you provided or was authorized.", "No adjustment will be made to your account at this time." and "Contact us if you would like to request the information we used for our research"[2].

48.      In other words, instead of simply providing the basis for its incorrect decision, JP MORGAN made an outrageous situation even more troubling by burdening Plaintiffs with yet again contacting JP MORGAN to "…request the information we used for our research." **Ex. B**

49.      As if JP MORGAN's failure to rectify 91 fraudulent transfers of exactly $200.00 from five different JP MORGAN branches, in two New York Counties, over the span of five days, all while JAMES was in the hospital (or recovering at home from surgery therefrom) and

while ELEANORE was caring for him (both in their 90s and 22 year customers) is not revolting enough, JP MORGAN added insult to injury by callously closing Plaintiffs' account and removing them as customers.

50.     JP MORGAN Manager/Vice President, Ruby Harris, is the JP MORGAN employee who informed Plaintiffs that, after 22 years, their JP MORGAN account was closed, and they were no longer welcome as customers.

51.     Despite Plaintiffs taking all necessary steps to comprehensively and promptly alert JP MORGAN of the fraudulent conduct, and dispute the unauthorized transfers, JP MORGAN has failed Plaintiffs.


## FIRST CLAIM FOR RELIEF

### (Electronic Fund Transfer Act, 15 U.S.C. § 1693, *et seq*.)

52.     Plaintiffs repeat and re-alleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

53.     Per the EFTA, Regulation E, and Regulation E's Official Interpretations, JP MORGAN bears the responsibility for unauthorized transfers like the present ones at the Riverdale Branch, the Broadway Branch, the Central Park Branch, the North Main Street Branch, and the 112 Midland Avenue Branch.

54.     The EFTA caps consumer liability for unauthorized electronic fund transfers and the transactions at issue exceed that amount. 15 U.S.C. § 1693g(a).

55.     Once Plaintiffs notified JP MORGAN of the unauthorized transfers, JP MORGAN was required to conduct a bona fide reasonable investigation to determine if fraud occurred as required by the EFTA.

---

[2] A true and correct copy of JP MORGAN's August 14, 2025 letter is annexed as **Ex. B.**

56.     However, JP MORGAN failed to conduct a reasonable investigation.

57.     A reasonable investigation would have included review of one or more of the following items, which would have led JP MORGAN to conclude that fraud had occurred and would have revealed, *inter alia*, the following:

      a.    Plaintiffs did not authorize the disputed transactions;

      b.    Plaintiffs promptly reported the fraudulent transactions;

      c.    Plaintiffs have no history of making false or unverifiable fraud reports;

      d.    Plaintiffs have no criminal history;

      e.    Plaintiffs have no history of irresponsible use of their account;

      f.    Plaintiffs have no history of frauds with JP MORGAN or any other financial institution; and,

      g.    No other proof exists to refute Plaintiffs claim.

58.     Furthermore, the EFTA places the burden of proof on JP MORGAN to demonstrate that challenged transfers were authorized or, if they were unauthorized, that the Plaintiffs can be held liable for them. 15 U.S.C. § 1693g(b).

59.     This burden of proof cannot be, and was not plausibly, met with regard to the contested transactions.

60.     JP MORGAN's acts and omissions set forth above constitute violations of the EFTA.

61.     As a direct and proximate result of JP MORGAN's violations of the EFTA, Plaintiffs are entitled to an award of statutory and actual damages as well as attorney's fees and costs.

62.     In light of the foregoing – in addition to all other relief sought herein – Plaintiffs

are also entitled to recover treble damages under Section 1693f(e).

**WHEREFORE,** Plaintiffs seek judgment in his favor and damages against Defendants:

A.    Awarding Plaintiffs against Defendants actual damages, treble damages, statutory damages, punitive damages, declaratory relief, injunctive relief, costs, and reasonable attorneys' fees; and

B.    such other and further relief as may be necessary, just, and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs demand a trial by jury as to all issues so triable.

Dated: October 27, 2025

*/s/ Benjamin J. Wolf*
Benjamin J. Wolf, Esq.
bwolf@legaljones.com
Joseph K. Jones, Esq.
jkj@legaljones.com
Jones, Wolf & Kapasi, LLC
630 Third Avenue, 18th Floor
New York, New York 10017
(646) 459 7971
*Attorneys for Plaintiffs.*