UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
JAMES E. SUDBROCK, ELEANORE L. SUDBROCK
and ANDREW SUDBROCK,

                                                Civil Action No.: 1:25-cv-8902-LAK

          Plaintiff,

        -against-                                    **ANSWER**

JPMORGAN CHASE BANK, N.A., and
JOHN DOES 1-25,

              Defendants.
--------------------------------------------------------------------X

       Defendant, JPMorgan Chase Bank, N.A., ("Chase")by its attorneys, Stagg Wabnik Law Group LLP, as and for its Answer to plaintiffs James E. Sudbrock, Eleanore L. Sudbrock and Andrew Sudbrock's (collectively the "plaintiffs") Complaint (the "Complaint") responds as follows:

## PRELIMINARY STATEMENT

       1.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Complaint.

       2.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the Complaint.

       3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the Complaint.

       4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Complaint.

       5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Complaint.

9. Denies the allegations contained in paragraph "9" of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Complaint.

## JURISDICTION AND VENUE

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the Complaint.

## PARTIES

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the Complaint and leaves all questions of law to the Court.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of the Complaint and leaves all questions of law to the Court.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of the Complaint and leaves all questions of law to the Court.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the Complaint.

21.     Denies the truth of the allegations contained in paragraph "21" of the Complaint except admits that Chase is a national banking association, federally chartered and existing under the laws of the United States, with its main office in the State of Ohio.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of the Complaint except admits that Chase is a national banking association, federally chartered and existing under the laws of the United States, with its main office in the State of Ohio and leaves all questions of law to the Court.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "23" of the Complaint.

## FACTS

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "24" of the Complaint.

25.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "25" of the Complaint.

26.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "26" of the Complaint.

27.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "27" of the Complaint.

28.    Admits the allegations contained in paragraph "28" of the Complaint.

29.    Admits the allegations contained in paragraph "29" of the Complaint.

30.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "30" of the Complaint.

31.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "31" of the Complaint.

32.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "32" of the Complaint.

33.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "33" of the Complaint.

34.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "34" of the Complaint.

35.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "35" of the Complaint.

36.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "36" of the Complaint.

37.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph "37" of the Complaint.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "38" of the Complaint.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "39" of the Complaint.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "40" of the Complaint.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "41" of the Complaint.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "42" of the Complaint.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "43" of the Complaint.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "44" of the Complaint.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "45" of the Complaint.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "46" of the Complaint.

47. Denies the allegations contained in paragraph "47" of the Complaint except admits that Chase sent a letter dated August 14, 2025 to Eleanore Sudbrock.

48. Denies the allegations contained in paragraph "48" of the Complaint.

49. Denies the allegations contained in paragraph "49" of the Complaint.

50.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "50" of the Complaint.

51.     Denies the allegations contained in paragraph "51" of the Complaint.

**FIRST CLAIM FOR RELIEF**
**(Electronic Fund Transfer Act, 15 U.S.C. § 1693, *et seq*.)**

52.     Repeats and realleges the answers to the preceding paragraphs as if fully set forth herein.

53.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "53" of the Complaint and leaves all questions of law to the Court.

54.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "54" of the Complaint and leaves all questions of law to the Court.

55.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "55" of the Complaint and leaves all questions of law to the Court.

56.     Denies the allegations contained in paragraph "56" of the Complaint.

57.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "57" of the Complaint.

58.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "58" of the Complaint and leaves all questions of law to the Court.

59.     Denies the allegations contained in paragraph "59" of the Complaint.

60.     Denies the allegations contained in paragraph "60" of the Complaint.

61.    Denies the allegations contained in paragraph "61" of the Complaint.

62.    Denies the allegations contained in paragraph "62" of the Complaint.

63.    Denies that plaintiff is entitled to the relief requested in the "Wherefore" clause of the Complaint as to Chase, and denies knowledge or information sufficient to form a belief as whether plaintiff is entitled to the relief requested in the "Wherefore" clause of the complaint as to the remaining defendants.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

64.    Plaintiffs' complaint fails to state a cause of action.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

65.    Upon information and belief, the loss allegedly sustained by plaintiffs was not as a result of any culpable conduct by Chase, or in the alternative, the amount of damages otherwise recoverable shall be diminished in the percentage proportion of the culpable conduct of plaintiffs, which contributed to or caused plaintiffs' alleged loss.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

66.    The complaint is barred, in whole or in part, by the recklessness, gross negligence, negligence, breaches of contractual duties and/or other culpable conduct of plaintiffs and their agents, which conduct contributed directly to and caused the loss alleged in the complaint. Accordingly, the amount of damages, if any, otherwise recoverable by plaintiffs must be diminished in the proportion which the culpable conduct attributable to plaintiffs and their agents bears to the other culpable conduct, if any, which allegedly caused the damages claimed by plaintiffs in the complaint.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

67.    Upon information and belief, if plaintiffs suffered the damages alleged in the

7

Complaint, these damages were as a result of an independent superseding act by a third party for which Chase cannot be held liable, and Chase's conduct was in no way the proximate cause of such damages.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

68.    The damages claimed by plaintiffs against Chase were not proximately caused by any conduct of Chase.  To the extent that plaintiffs have not suffered any damages as a direct or proximate cause of Chase's actions or inactions, plaintiffs may not recover any damages against Chase.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

69.    The damages sustained by plaintiffs, if any, was/were caused by person(s) other than Chase, including but not limited to, plaintiffs.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

70.    If plaintiffs suffered damages as alleged, then plaintiffs failed to mitigate such damages.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

71.    The complaint is barred by the terms and conditions of the account agreement between plaintiffs and Chase.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

72.    Upon information and belief, plaintiffs' claims are subject to mandatory arbitration.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

73.    Plaintiffs are not entitled to recover as against Chase under the doctrine of unclean hands.

8

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

74.     If an Electronic Funds Transfer Act violation occurred, upon information and belief such violation resulted from a bona fide error and Chase had in place procedures reasonably intended to avoid any such error.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

75.     Chase complied with the requirements of the Electronic Funds Transfer Act.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

76.     Plaintiffs suffered no actual damages.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

77.     Plaintiffs failed to comply with the prerequisites of the Electronic Funds Transfer Act.

78.     Chase demands that liability, if any, be apportioned.

**WHEREFORE,** for all of the foregoing reasons, it is respectfully requested that plaintiffs' Complaint be dismissed in its entirety, and that Chase be awarded the costs and disbursements of this action, reasonable attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated:  Garden City, New York
        December 12, 2025

Stagg Wabnik Law Group LLP

By:_____
Michelle E. Tarson, Esq.
*Attorneys for JPMorgan Chase Bank, N.A.*
401 Franklin Avenue, Suite 300
Garden City, New York 11530
(516) 812-4519
mtarson@staggwabnik.com

9

To:  Benjamin J. Wolf, Esq.
     Joseph K. Jones, Esq.
     Jones, Wolf & Kapasi, LLC
     630 Third Avenue, 18th Floor
     New York, New York 10017
     (646) 459-7971